UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN S. CAMPOS,

                Plaintiff,

-against-

ERIC T. SCHNEIDERMAN; ANTHONY
ANNUCCI; BRANDON J. SMITH; and
RANDALL T. ENG,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
16-CV-179

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 8 - 2016 ★
BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff John S. Campos, currently incarcerated at Greene Correctional Facility, filed this pro se action pursuant to 42 U.S.C. §§ 1983 and 1985 on January 11, 2016. Campos's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, however, the action is dismissed pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

This is the fifth action related to his state criminal case that Campos has filed in this Court in the past year. By Memorandum and Order dated November 9, 2015, this Court consolidated three of those actions, Campos v. Zuntag et al., No. 15-CV-2862; Campos v. Zuntag et al., No. 15-CV-3816; and Campos v. Capofari et al., No. 15-CV-4667, under No. 15-CV-3816, and dismissed the complaint in its entirety. (No. 15-CV-3816, D.E. # 10.) Campos was granted leave to amend as to three defendants and his amended complaint is presently pending. Campos has also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is also pending. See Campos v. Smith et al., No. 15-CV-6580. The Court presumes familiarity with these prior actions.

As with earlier actions, the instant complaint concerns Campos's 2013 arrest and subsequent proceedings in Richmond County Criminal Court for violating a protective order.

1

(D.E. # 1, Compl. at 4.[1]) Campos again contests the factual and legal merits of his conviction. (Id. at 4–8.) In so doing, Campos makes allegations sounding in actual innocence, false arrest, malicious prosecution, and ineffective assistance of counsel against the police officers, prosecutors, judges, and defense attorneys who participated in his underlying criminal case. (Id. at 10–16.) Campos has named all of these individuals as defendants and asserted such claims against them in his prior lawsuits. (See No. 15-CV-3816, D.E. # 1; No. 15-CV-2862, D.E. # 1; No. 15-CV-4667, D.E. # 1.) Because the Court has previously and continues to address those claims in Campos's other actions, those claims are not addressed again here.

The instant action appears to arise from correspondence between Campos and the named defendants about his underlying criminal case and subsequent attempts to challenge the resulting conviction. Campos makes the following factual allegations about each defendant:

- Campos alleges that he wrote two letters to Eric T. Schneiderman, Attorney General of the State of New York, seeking expungement of one prior conviction and dismissal of another criminal case and advising him of Campos's pending motion to vacate his conviction ("330.30 motion"). Campos claims that Schneiderman never responded, but attaches what appears to be a handwritten transcription of a letter from the Attorney General's office. That letter states that the Public Integrity Bureau of the Attorney General's Office ("PIB") reviewed Campos's submissions and determined that his complaint did not warrant further action. (Compl. at 16, 20.)

- Campos appears to have sent several submissions to Randall T. Eng, Presiding Justice of the New York Appellate Division for the Second Judicial Department.[2] He has transcribed

---

[1] Unless otherwise indicated, all citations herein refer to the docket bearing number 16-CV-179.
[2] Campos has sent dozens of letters to this Court and innumerable other state and federal judicial and executive officials regarding this and other pending actions. (See, e.g., 15-CV-3816, D.E. # 29 (letter concerning Campos's correspondence with Chief Justice John Roberts of the United States Supreme Court); D.E. # 30 (letter concerning

several letters from Justice Eng, which state, in sum and substance: (1) Campos's motion to proceed as a poor person and for appointment of counsel was denied with leave to renew and instructions for correcting the deficiencies in his initial filings; (2) any 330.30 motion must be filed with a state trial court; and (3) a copy of the habeas corpus petition filed with this Court, which had been received by Justice Eng, was returned because the Second Department does not keep copies of correspondence with other courts and agencies. (Id. at 18, 22, 24, 26.)

- The only allegation against Brandon T. Smith, Superintendent of Greene Correctional Facility, is that Smith "has full knowledge of [Campos's] complaint against the people of Richmond County that [he] filed with the Eastern District of New York." (Id. at 18.)

- The only allegation against Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), is that Annucci "railroaded [Campos] out of his merit hearing" because he is Schneiderman's colleague.[3] (Id.)

Campos seeks monetary damages and injunctive relief, but does not state what injunctive relief he seeks, against whom he seeks such relief, or why he believes he is entitled to that relief.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a

---

Campos's correspondence with the Department of Justice).) Several of these letters refer to correspondence with Justice Eng, including letters that both Justice Eng and the prison considered threatening. (See, e.g., 15-CV-3816, D.E. # 19, 21, 23, 27–28.)

[3] Many of Campos's letters reiterate his conclusory allegation that Attorney General Schneiderman, Acting Commissioner Annucci, and Superintendent Smith "railroaded" him out of a merit hearing and tried to "cover their tracks" by saying he had been fighting in prison. (See, e.g., 15-CV-3816, D.E. # 15, 17, 22, 24, 30.)

3

district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

The gravamen of Campos's complaint is that defendants, officials in the New York State executive and judicial branches, have not adequately assisted Campos's efforts to challenge his conviction. Although the precise contours of Campos's claims are not clear, he appears to allege that defendants conspired against him and violated his constitutional rights while "acting under color of law." (See, e.g., Compl. at 28.) Accordingly, the Court liberally construes the complaint as seeking relief for alleged constitutional deprivations under 42 U.S.C. §§ 1983 and 1985. For the reasons stated below, Campos has not stated a plausible claim for relief against any defendant.

To the extent Campos seeks monetary damages from defendants in their official capacities, those claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits for damages in federal court by private parties against a state absent consent to suit or an express congressional waiver of immunity. Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Eleventh Amendment immunity extends to state officials acting in their official capacities. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). Campos seeks monetary damages against several state officials—the New York State Attorney General, a New York State appellate judge, the Acting Commissioner of the New York State DOCCS, and the Superintendent of a New York State Prison—under §§ 1983 and 1985. Congress has not abrogated Eleventh Amendment immunity for claims under §§ 1983 and 1985, nor has New York waived immunity for such claims. See, e.g., Sherman v. Harris, No. 11-CV-4385 (DLI) (JMA), 2012 WL 4369766, at *5 (E.D.N.Y. Sept. 24, 2012). Accordingly, all claims for monetary damages against Attorney General Schneiderman, Justice Eng, Superintendent Smith, and Acting Commissioner Annucci in their official capacities are barred by the Eleventh Amendment and dismissed. 28 U.S.C. § 1915A(b)(2); see also Griffin v. Doyle, No. 12-CV-4359 (JS) (GRB), 2014 WL 2945676, at *5 (E.D.N.Y. June 30, 2014) (dismissing with prejudice official-capacity claims against New York State Attorney General, DOCCS Commissioner, Superintendent of Barehill Correctional Facility, and state court judges as barred by Eleventh Amendment).

Insofar as Campos sues these defendants in their individual capacities, his claims are barred by judicial immunity or fail to state a claim on which relief may be granted.

Judges have absolute immunity for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This absolute

"judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or in excess of his authority." Mireles, 502 U.S. at 11 (internal quotation marks and citation omitted). Because all of the factual allegations concerning Justice Eng arise from acts performed within his judicial capacity, Campos's claims against Justice Eng in his individual capacity are foreclosed by absolute judicial immunity and dismissed. 28 U.S.C. § 1915A(b)(2).

Moreover, Campos's allegations do not state a plausible claim that any of the individual defendants violated the Constitution or federal law. Campos objects to the fact that Attorney General Schneiderman did not expunge his conviction or dismiss his criminal case and that Justice Eng denied his motions and returned documents related to proceedings in other courts. (Compl. at 16, 18, 20, 22, 24, 26.) Although Campos may be disappointed by these results, the actions of Attorney General Schneiderman and Justice Eng were fully within the law. With respect to Superintendent Smith, Campos alleges only that he "has full knowledge of [Campos's] complaint." (Id. at 18.) This conclusory allegation does not plausibly suggest that Superintendent Smith has participated in any violation of constitutional or federal rights—a prerequisite to liability under § 1983. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Finally, to the extent Campos appears to allege that Acting Commissioner Annucci conspired with Attorney General Schneiderman to "railroad[]" Campos out of a merit hearing, these vague and wholly conclusory allegations are not sufficient to state a claim for conspiracy under § 1985. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) (internal citation omitted) ("[C]onclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Accordingly, to the extent Campos asserts any individual-capacity claims for monetary

or injunctive relief, those claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

* * *

The Court is mindful that "a pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks and citation omitted). However, "leave to amend a complaint may be denied when amendment would be futile." Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006). The Court concludes that amendment would be futile because Campos's claims are largely barred by the Eleventh Amendment or absolute judicial immunity, and he has not otherwise identified any plausible federal claims. See Wolters v. Attorney Gen., N.Y. State, No. 12-CV-1544 (KAM) (SMG), 2012 WL 1416706, at *6 (E.D.N.Y. Apr. 24, 2012) (dismissing pro se complaint asserting claims under §§ 1983 and 1985 without leave to amend because claims were barred by Eleventh Amendment, prosecutorial immunity, or otherwise predicated on conclusory and vague allegations that did not plausibly suggest any violation of law).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2). The Clerk of Court is directed to enter judgment accordingly and to close the case.

Campos is cautioned that continuing to file meritless complaints based on his underlying state criminal action will not be tolerated. Should he continue to file such complaints, he may be enjoined from filing any IFP complaint without first obtaining leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore IFP status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: April 8, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge